MILWAUKEE PROTESTANT HOME FOR THE AGED, Appellant, vs. BECHER, guardian *ad litem*, and others, Respondents.

*March 19 — April 10, 1894.*

(1) *Devise to charitable corporation: Validity: Construction of statute.*
(2) *Void devise: Equitable conversion: Residuary estate.*

1. Sec. 2039, R. S., providing that the absolute power of alienation shall not be suspended beyond a certain period except where the land is given to literary or charitable corporations, was amended by ch. 359, Laws of 1891, by adding: "Religious corporations . . . shall be held and considered charitable corporations within the provisions of this section; but no gift, grant, or devise of real estate to any *such* literary or charitable corporation shall be valid unless made at least three months before the death of the person making the same." *Held,* that a devise to a charitable corporation, made less than three months before the death of the testator, was void, whether such corporation was a religious corporation or not.

2. A will directed the executors to dispose of the testator's real estate within five years after his death. It contained a residuary clause by which all the rest and residue of the testator's property, of every kind and nature, not in the will otherwise disposed of, was bequeathed to designated persons. *Held*, that real estate covered by a void devise should be treated as personal property, and would go to the residuary legatees and not to the heirs at law.

APPEAL from the Circuit Court for *Milwaukee* County. This was an application to the county court of Milwaukee county for an order requiring the executors of the last will and testament of Robert Gunyon, deceased, to surrender possession of certain real estate of said deceased to appellant. It appeared from the petition, and from stipulated facts, that Robert Gunyon, the testator, made a will February 10, 1892, and died within a few days thereafter, and that his will was duly probated April 12, 1892, in the county court of Milwaukee county. He left surviving him a widow and no children. The will, after certain specific devises and bequests, devises to the appellant corporation a certain piece of real estate in Milwaukee, with its improvements. The will also contains a residuary clause whereby all the rest and residue of the testator's property, of every kind and nature, not in the will otherwise disposed of, is given and bequeathed to fifteen relatives whose names are given, share and share alike. The executors named duly qualified and entered on their duties. In June, 1892, the appellant corporation demanded possession of the real estate so devised, which demand the executors refused to comply with, whereupon the appellant made its petition to the county court for an order requiring the executors to deliver possession to it of the real estate. This petition states, substantially, the foregoing facts, and names all the residuary legatees, and states that they are the only persons concerned in the question, and prays that they be cited to appear and show cause why the prayer of the petition should not be granted.

Due notice of hearing having been given, the executors appeared and demurred to the petition; and the residuary legatees answered, alleging that the devise to the appellant was void because made less than three months prior to the testator's death. The county court, after hearing the parties, made an order directing the executors to turn said property over to the appellant, the *Milwaukee Protestant Home for the Aged.* From this order the residuary legatees appealed to the circuit court of Milwaukee county. The petitioner moved to dismiss the appeal because the residuary legatees were not aggrieved by the order of the county court. This motion was overruled and the order of the county court reversed, and the petitioner appeals to this court from both orders. The respondent *Becher* is the duly appointed guardian *ad litem* of four of the residuary legatees, who are minors.

For the appellant there was a brief by *G. W. Hazelton* and *T. L. Kennan,* and oral argument by *Mr. Hazelton.*

For the respondents there was a brief signed by *Dalberg & Becher,* attorneys, and *Franklin A. Becher,* guardian *ad litem, in pro. per.,* and the cause was argued orally by *S. W. Dalberg* and *F. A. Becher.*

WINSLOW, J. The controlling question arising on this appeal is as to the proper construction of ch. 359, Laws of 1891. Sec. 2039, R. S. 1878, is as follows: "The absolute power of alienation shall not be suspended by any limitation or condition whatever for a longer period than during the continuance of two lives in being at the creation of the estate and twenty-one years thereafter, except when real estate is given, granted, or devised to literary or charitable corporations which shall have been organized under the laws of this state for their sole use and benefit, and except also in the single case mentioned in the next section." This section was amended by ch. 359, Laws of 1891, by adding

at the end the following words: "Religious corporations or societies, incorporated or organized under the laws of this state, shall be held and considered charitable corporations within the provisions of this section; but no gift, grant, or devise of real estate to any such literary or charitable corporation shall be valid unless made at least three months before the death of the person making the same. Provided, however, that no person leaving a widow, child, or parent, shall by his last will and testament, devise or bequeath to any benevolent, charitable, literary, scientific, religious, or missionary society, association, or corporation, in trust or otherwise, more than one half part of his estate, after the payment of his debts; and such devise or bequest shall be valid to the extent of such one half and no more."

It was assumed by both parties, on the argument, that the *Milwaukee Protestant Home for the Aged* is, as its name indicates, a charitable corporation, within the meaning of sec. 2039, and we shall so regard it. The question, then, is: Is the devise to it void because made within three months prior to the testator's death? The amendment of 1891 provides that "no gift, grant, or devise of real estate to any *such literary or charitable* corporation shall be valid unless made at least three months," etc. It was very ingeniously argued by counsel for the appellant that the word "such," in the sentence just quoted, must have a controlling effect, and that it must be held to refer only to a religious corporation or society. It is true that the word "such," if it stood alone, would naturally be construed as referring to the class of corporations of which mention had just been made. Thus, if the sentence were, "No gift, grant, or devise to any *such* corporation shall be valid," the very natural construction would seem to be that "such" referred alone to religious corporations just previously defined. But the words are "any such *literary or charitable*

corporation." We do not suppose it will be seriously claimed that a religious corporation can be properly called a "literary" corporation. If it were so, then there would be no necessity for the legislature to declare that it should be considered a charitable corporation, within the meaning of sec. 2039, because that section already included literary corporations within its terms. It follows that in order to adopt appellant's construction the word "literary" must be held to be utterly unmeaning surplusage. In other words, "such literary and charitable corporation" means simply "such charitable corporation," and no more. We cannot reject so important a word as the one in question without the most cogent and weighty reasons. All the words of a statute are to be given effect, if possible. By construing the word "such" as referring to the corporation named in the original sec. 2039, R. S. (a construction entirely permissible), the word "literary" can be preserved as a word of meaning and significance in the statute. On the other hand, by construing "such" as referring to "religious" corporations alone, we are obliged to reject the word "literary" from the statute entirely. By all rules of construction, therefore, we are compelled to hold that the statute renders void all such devises to all literary and charitable corporations, whether they are religious corporations or not. It follows that the devise to the *Protestant Home* was void.

It is urged, however, by appellant, that, even if the devise is held void, still the property would not go to the residuary legatees, but to the heirs at law, as intestate estate, and consequently the residuary legatees have no interest in the litigation, and were not aggrieved by the order of the county court, and that their appeal, therefore, to the circuit court should have been dismissed. It is freely conceded that, were this a void legacy of personal property, it would pass, under the residuary clause, to the residuary

legatees; but it is claimed that a void devise of real estate is subject to a different rule, and that the property covered by it will not go into the residuum, but will pass to the heirs as intestate estate. This doctrine, certainly, has the support of many courts. The cases will be found collated in 13 Am. & Eng. Ency. of Law, p. 40, note 3. It is unnecessary to examine into the reasons for the original adoption of such a rule, nor is it necessary to decide whether it is in force in this state. In the will before us there is a clause directing the executors to dispose of the testator's real estate within five years after his death. The property in question is a part of the testator's real estate, though the devise be void. The doctrine of equitable conversion will therefore apply, as laid down in *Dodge v. Williams*, 46 Wis. 70. The property will be treated as personal property from the death of the testator. Considered as personal property, there can be no doubt that it passed, under the very comprehensive residuary clause of the will, to the residuary legatees.

*By the Court.*— Orders affirmed.